**UNITED STATES of America**

v.

**James COONAN, a/k/a/ "Jimmy," Kevin Kelly, James McElroy, a/k/a/ "Jimmy Mack," William Bokum, Kenneth Shannon, John Halo, Edna Coonan, a/k/a/ "Julia Coonan," Richard Ritter, a/k/a/ "Muggsy," Thomas Collins, and Florence Collins, Defendants.**

**No. 87 Cr. 249 (WK).**

United States District Court,
S.D. New York.

Aug. 3, 1987.

Order Sept. 16, 1987.

---

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

We treat the Government's letter of July 31, 1987 as a motion to reconsider a) our decision to deny the Government's application for an anonymous jury and b) our apparent decision to deny certain collateral relief.

As to the anonymous jury, the letter certainly contains information which would have been pertinent to our original decision, although none of it reflects directly on the safety of jurors. However, the letter does not even suggest a reason why the information was not submitted with the original motion papers. Thus, assuming as we do that the information could be proper-ly documented, we see no reason why it should now be considered.

As to the application for related relief, our original memorandum was misleading in suggesting that we had determined to deny such relief. Actually, we focused only on the anonymous jury request which, for logistical reasons, required immediate decision. The other matters requested by the Government can be considered as the trial approaches.

In summary, we adhere to our original decision, 664 F.Supp. 861, denying the Government's motion for empanelment of an anonymous jury. We reserve decision on all other matters until a point closer to trial.

SO ORDERED.

The matters referred to in the preceding opinion were subsequently resolved by the following order.

## ORDER

In order to insure the defendants a fair trial by an impartial jury and to insulate that jury from any extra judicial statements and any such other matters which might interfere with their ability to render a fair and impartial verdict, and it appearing to the court that the overall interests of justice to society, to the defendants and to the jurors requires that the jurors be semi-sequestered, the court, pursuant to Rule 7(c) of the Criminal Rules of this Court, directs the entry of the following order:

IT IS HEREBY ORDERED that the first names and addresses of the jurors in the captioned matter shall be kept confidential; and it is further

ORDERED that upon the daily arrival of the jurors at the courthouse, they shall be kept in the custody of the United States Marshal for the Southern District of New York until after the close of court each day as further directed herein; and it is further

ORDERED that no Marshal in attendance with the jury shall converse with the jurors except as may be necessary in carrying out the obligations imposed by this Order and in no event shall the Marshal, while in the presence of any juror, comment in any way whatsoever upon the issues in this case, the defendants, their

counsel, the government or the witnesses; and it is further

ORDERED any communication with the court by the jury or any individual juror shall be made in writing and that writing shall be placed in a sealed envelope and shall be promptly delivered to the court by the Marshal; and it is further

ORDERED that during the day the Marshal shall provide refreshments and luncheon for the jurors so empanelled; and it is further

ORDERED that the Marshal shall make all appropriate arrangements for transportation of the jurors from the United States Courthouse, 40 Foley Square, New York, New York to such places within the Southern District of New York that may be directed by the court; and it is further

ORDERED that this Order may be altered or amended at any time by the direction of the court.

SO ORDERED.